JDN

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Traver, ) | No. CV 06-0378-PHX-DGC (JRI) |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Maricopa County Sheriff's Office, et al., ) | |
| Defendants. ) | |

In this civil rights action brought by a former county jail inmate, Defendant Arpaio moved to dismiss for lack of exhaustion (Dkt. #7). Plaintiff responded, and Defendant replied (Dkt. ##13, 14). The Court will grant Defendant's motion.

**I. Background**

Plaintiff sued Sheriff Joseph Arpaio and alleged that his constitutional rights were violated by severe overcrowding and unsanitary conditions at the jail (Dkt. #1).[1] The Court ordered an answer, and Defendant filed a Motion to Dismiss (Dkt. ##3,7).

Defendant contends that Plaintiff failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) (Dkt. #7). In support, Defendant submits the affidavit of Zelean Tademy, a Hearing Officer for inmate discipline and grievances (Ex. A, Dkt. #7). Tademy attests that inmates are provided a copy of the "MCSO Rules and Regulations for Inmates" which outlines the grievance procedure (Tademy Aff. ¶ 3). She further attests that inmates may grieve any issue pertaining to

---

[1] Upon screening, the Court dismissed the Maricopa County Sheriff's Office as a Defendant (Dkt. #3).

conditions within the jail (Id. ¶ 5). According to the sheriff's office records, Plaintiff filed seven grievances, none of which relate to the claims in this action (Id. ¶¶ 9-10). Defendant also submitted copies of Plaintiff's grievances and a copy of the Inmate Grievance Procedure, Policy DJ-3 (Exs. B-C, Dkt. #7).

The Court issued an order informing Plaintiff of his obligation to respond and the quantum of evidence necessary to successfully rebut Defendant's contentions (Dkt. #10). Plaintiff filed a response in which he asserts that he made every effort to exhaust any available remedy for his claims (Dkt. #13). Plaintiff requests that the Court find exhaustion or, in the alternative, hold his case in abeyance for him to complete the administrative grievance process (Id. at 2-3). Plaintiff also argues that some of his grievances included complaints about overcrowding (Id. at 7). He also asserts, contrary to Tademy's assertion, that inmates are limited in what they may grieve (Id.).

Defendant's reply argues that Plaintiff admitted in his Complaint that he did not grieve his claims, and that Plaintiff failed to submit any evidence showing that he exhausted his remedies (Dkt. #14). Further, Defendant contends that Plaintiff's grievance concerning the air-conditioning at the jail did not address overcrowding; thus, the jail never had notice of a complaint about overcrowding or an opportunity to address it.

**II. Legal Standard**

Plaintiff must exhaust "available" administrative remedies before bringing this action. See 42 U.S.C. § 1997e(a); Vaden v. Summerhill, 449 F.3d 1047, 1050 (9th Cir. 2006); Brown v. Valoff, 422 F.3d 926, 934-35 (9th Cir. 2005). He must complete the administrative review process in accordance with the applicable rules. See Ngo v. Woodford, 126 S. Ct. 2378, 2384 (2006). Exhaustion is required for all suits about prison life, Porter v. Nussle, 534 U.S. 516, 523 (2002), regardless of the type of relief offered through the administrative process, Booth v. Churner, 532 U.S. 731, 741 (2001).

Defendant bears the burden of raising and proving the absence of exhaustion. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Because exhaustion is a matter of abatement in an unenumerated Rule 12(b) motion, a court may look beyond the pleadings to

1 decide disputed issues of fact. Wyatt, 315 F.3d at 1119-20. Further, a court has broad
2 discretion as to the method to be used in resolving the factual dispute. Ritza v. Int'l
3 Longshoremen's & Warehousemen's Union, 837 F.2d 365, 369 (9th Cir. 1988) (quotation
4 omitted).

5 **III. Analysis**

6 Defendant bears the burden of specifying what remedies were "available" to Plaintiff.
7 Brown, 422 F.3d at 936-37. Defendant submitted evidence that a grievance system was
8 available at the jail for Plaintiff's claims (Tademy Aff. ¶¶ 3-6; Ex. C, Dkt. #7). In his
9 Complaint Plaintiff conceded that he did not appeal his grievances to the highest level
10 because grievances were "never followed through" (Dkt. #1 at 4). The copies of Plaintiff's
11 grievances proffered by Defendant, however, demonstrate that the grievances were addressed
12 by jail personnel and that Plaintiff was able to grieve issues to the highest level (Ex. B, Dkt.
13 #7). Contrary to Plaintiff's claim that overcrowding was part of his grievance about the air-
14 conditioning, the Court finds that Plaintiff's grievance was limited to a request for air-
15 conditioning. In fact, Plaintiff even rejected the suggestion that a thinning of the inmate
16 population would cool down the jail; "even [if] more inmates [were]out[,] the place should
17 still have A/C not evap. system" (Id.).

18 Plaintiff asserts that his ability to grieve was limited because he "was told many times
19 that things where [sic] not grievable," and he observed other inmates being put in lock down
20 as a result of filing grievances (Dkt. #13 at 7). Plaintiff does not specify what "things" could
21 not be grieved, nor does he allege that he was ever threatened for filing grievances. Without
22 more, Plaintiff fails to sufficiently refute the record in this case which clearly demonstrates
23 that he did not exhaust his remedies.

24 Pursuant to 42 U.S.C. § 1997e(a), a prisoner must completely exhaust his available
25 administrative remedies before he may file a complaint. McKinney v. Carey, 311 F.3d 1198,
26 1200-01 (9th Cir. 2002). The Court may not stay the case to allow a prisoner to complete the
27 exhaustion process, but must dismiss without prejudice. Id. The Court will therefore grant
28 Defendant's motion.

**IT IS ORDERED** that Defendant's Motion to Dismiss (Dkt. #7) is **granted**. Plaintiff's action is dismissed without prejudice for lack of exhaustion. The Clerk of Court shall enter a judgment of dismissal accordingly.

DATED this 20th day of September, 2006.

_____
David G. Campbell
United States District Judge